**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

TONI MICHELLE RODERICK,

|  |  |  |
|---|---|---|
| Plaintiff, | : | Case No. 3:16-cv-037 |
|  |  |  |
|  |  | District Judge Walter Herbert Rice |
| - vs - |  | Magistrate Judge Michael R. Merz |

MONTGOMERY COUNTY PROBATE
  COURT, at al.,

|  |  |
|---|---|
| Defendants. | : |

---

**REPORT AND RECOMMENDATIONS**

---

This action is before the Court for review prior to issuance of process.   Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  28 U.S.C. § 1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from
> such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). § 1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status. *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999). Filing an *in forma pauperis* application tolls the statute of limitations. *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

In her Complaint in this case, Plaintiff has accused the Montgomery County Probate Court and its Magistrate, Arvin Miller, of "copy infringement, [illegible] infringement, direct infringement, contributory infringement, infringement in the inducement," and causing emotional distress. She claims she has given the Probate Court a copyright notice "not to use her

name or file her name, several times" which they have violated in case No. 2012 GRD 0038.

She claims to have been a "UCC" since November 19, 2011.  She seeks compensatory and

punitive damages.

The Probate Division of the Montgomery County Common Pleas Court is created by the

Ohio Revised Code as an agency of the State of Ohio.  Ohio Revised Code § 2101.02.  The

Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to
> extend to any suit in law or equity, commenced or prosecuted
> against one of the United States by Citizens of another State or by
> Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419

(1793).  It has been construed to bar suits against a State by its own citizens.  *Papasan v. Allain,*

478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890);  *Edelman v. Jordan*, 415 U.S.

651 (1974);  *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982).  The

Amendment also bars actions against state agencies where the State is the real party in interest

and the action seeks to recover money from the state treasury.  *Estate of Ritter v. University of*

*Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State*

*of Indiana*, 323 U.S. 459 (1945);  *Quern v. Jordan*, 440 U.S. 332 (1979).

Application of the Eleventh Amendment in a suit against a public agency turns on

whether the agency can be characterized as an arm or alter ego of the State, or whether it should

be treated instead as a political subdivision of the State.  *Hall v. Medical College of Ohio at*

*Toledo,* 742 F.2d 299, 302 (6th Cir. 1984) *citing Mt. Healthy City School Dist. Bd. of Educ. v.*

*Doyle,* 429 U.S. 274, 280 (1977).  This bar against suit also extends to state officials acting in

their official capacities.  *Kentucky v. Graham,* 473 U.S. 159, 167 (1985).  An Ohio common

pleas court is not a segment of county government, but an arm of the State for purposes of §
1983 liability and the Eleventh Amendment. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.
1997); continuing validity questioned in *Alkire v. Irving*, 330 F.3d 802 (6th Cir. 2003). The test
is who would pay the judgment. *Cash v. Hamilton County Dep't of Adult Prob.,* 388 F.3d 539
(6th Cir.2004).

Thus the Eleventh Amendment bar suit against the Probate Division of the Montgomery
County Common Pleas Court as an entity.

Plaintiff also seeks damages against Arvin Miller, a Magistrate of the Probate Court.
Magistrate Miller is absolutely immune from a suit for damages for his actions as a judicial
officer (i.e., using Plaintiff's name in violation of a copyright notice). The common law absolute
immunity of judges was first recognized in this country in *Bradley v. Fisher,* 80 U.S. 335, 355
(1872). It was explicitly extended to actions under 42 U.S.C. § 1983 in *Pierson v. Ray,* 386 U.S.
547 (1967), and *Stump v. Sparkman*, 435 U.S. 349 (1978). "The doctrine of judicial immunity
exists 'not for the protection of a malicious or corrupt judge' but for 'the benefit of the public,
whose interest it is that the judges should be at liberty to exercise their functions with
independence and without fear of consequence.'" *King v. McCree,* 573 Fed. Appx. 430 (6th Cir.
July 21, 2014), quoting *Pierson*.

Because the Probate Court is immune from suit in this Court and Magistrate Miller is
immune from damages liability for his judicial acts, it is respectfully recommended that this case
be dismissed with prejudice.

February 8, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).